OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by awarding plaintiff the *396 sum of $1,596 plus interest, and, as so modified, affirmed without costs.
According to the small claims’ complaint form, plaintiff commenced suit seeking the return of a deposit which was made toward the purchase of a new boat. Plaintiff alleged that the manufacturer of the boat failed to deliver the boat in a timely manner, and defendants kept a portion of the deposit as a commission.
The record reveals that plaintiff entered into a sales agreement on January 5, 1999 with defendants to purchase a new boat and that delivery was to be made at the “end of April.” Contrary to the lower court’s finding, the nature of the contract indicates that time was of the essence given the limited boating season. Even assuming, arguendo, that time was not of the essence, the three-month delay in delivery of the boat was unreasonable. Further, while the agreement is unclear what the relationship was between defendants and the manufacturer, it does appear that the boat was being purchased from defendants, an authorized dealer for the manufacturer. Although some of the negotiations to cancel the agreement took place between plaintiff and the manufacturer, it is apparent that defendants acquiesced in the cancellation of the contract. In view of the foregoing, plaintiff should have been entitled to the entire amount of his down payment, and is thus entitled to recover $1,596.
Regarding the issue of the sales tax, the record is clear that plaintiff purchased the outboard engine from defendants, and chose to return the engine himself to the manufacturer. Had plaintiff left the engine with defendants and allowed defendants to return the engine, no sales tax would be required. However, inasmuch as the engine was removed from defendants’ premises and never returned thereto, the purchase was complete and defendants were obligated to collect the tax. Substantial justice was done by awarding defendants the amount of the sales tax (UDCA 1807) and thus we leave undisturbed the award to defendants of $915.75 on the counterclaim.
DiPaola, P. J., Floyd and Doyle, JJ., concur.